UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re NATOSHA EDMONDS<br>    Debtor | Cause No. 22-11414-TWD<br>Chapter 7 |
| BUTLER'S LAKE CITY AUTO REBUILD<br>INC DBA HAURY'S LAKE CITY COLLISION<br>    Plaintiff | |
| v. | Adv. Proc. No. _____ |
| NATOSHA EDMONDS<br>    Defendant | |

## COMPLAINT

NOW COMES, Plaintiff, Butler's Lake City Auto Rebuild, Inc. dba Haury's Lake Collision, and complains and seeks declaration of a Non-Dischargeable debt pursuant to 11 U.S. Code § 523 (6) regarding the Claim (defined below):

### The Parties

1. Plaintiff is an auto body shop located in Seattle, King County, Washington. Defendant was a customer of Plaintiff, and Defendant resides in Seattle, King County, Washington.

2. Defendant hired Plaintiff to perform repairs on her automobile on or about September 8, 2020.

### Jurisdiction

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157(b)(2)(I). This proceeding is defined as a core proceeding as defined in the Bankruptcy Code.

### Factual Background

4. Plaintiff fully repaired Defendant's vehicle on or about October 29, 2020, for $6,645. Defendant's insurance company paid $6,249, but failed to pay for one repair, a required vehicle scan, and Defendant was forced to pay the $396 difference because her insurer would not pay for the required repair. Defendant was upset and believed that was Plaintiff's fault that Defendant's

own insurance company failed to pay all but $396 of the final invoice. Therefore, Defendant took actions to injure Plaintiff.

5. On or about November 23, 2020 Defendant filed multiple online publications (one on YELP and another on the Better Business Bureau) claiming that among other things Plaintiff wrote different estimates for her than her insurance company; that Plaintiff somehow "settled with her insurer" for less and required her to pay more; that Plaintiff's actions were predatory and unethical; that Plaintiff's repairs were incompetent; that Plaintiff did not inform Defendant of the costs before performing the services; that Plaintiff's company was "completely and utterly scandalous" and that Plaintiffs were "CON artists". See **Yelp Review and BBB Complaint, Exhibit A.**

6. Plaintiff later filed a google review online as well with similar false and defamatory comments.

7. None of the published statements were true, and Defendant made those statements willfully and maliciously to injure Plaintiff's business and in fact intended the negative consequences of Plaintiff's reputation to occur.

8. Plaintiff sent Defendant a demand letter to remove and retract these false and defamatory statements on February 28, 2021. **See Exhibit B.**

9. Defendant did not remove any statements. Therefore, Plaintiff was forced to commence legal action in King County Superior Court on May 12, 2021. **See Exhibit C, Complaint.**

10. Among the allegations made by Plaintiff against Defendant is that Defendant committed Defamation against Plaintiff and also:

    a. Defendant knowingly made false statements on her BBB Complaint (paragraph 13);
    b. Defendant was aware at the time of her writing of the BBB Complaint that her statements were not true (paragraph 14);
    c. Defendant intentionally wrote the reviews online knowing the content would be viewable by individuals in the public with internet access (paragraph 21);
    d. Defendant ignored requests to correct any portion of her comments (paragraph 30); and
    e. Defendant published these knowingly false statements in multiple forums (paragraph 26).

11. Defendant did not appear in the matter. Defendant ignored and refused to answer multiple discovery requests of Plaintiff and failed to file an answer to the complaint entirely.

12. After three months of attempting to contact Defendant, without any legal requirement to do so, Plaintiff requested the Court enter, and the Court did enter a default. Then on January 4, 2022, the Court entered a Default Judgment confirming that Defendant committed defamation. **See Exhibit D, Default Judgment.**

13. The Court ordered the following:

a. Defendant was ordered to remove the YELP review and BBB Complaints dated November 19, 2020;

   b. Defendant was enjoined from writing any further false or defamatory online comments regarding Plaintiff;

   c. Judgment was entered in favor of the Plaintiff for $43,700 at the time of the Judgment plus $2,678 in attorney's fees and court costs of $674.98; and

   d. Judgment would continue to accrue additional damages at $100 per day until both the YELP and BBB Complaint has been removed.

14. To date no portion of the Judgment was paid. In addition, the BBB Complaint, as of October 3, 2022, remains online without any removal or retraction of any kind despite the Court's Order on January 4, 2022. **Exhibit E.** Per that Order, over three hundred days have passed at $100 per day since the Judgment was entered, including 36 days or $3600 since Defendant filed her bankruptcy petition.

15. In addition, Defendant later published a google review violating the Court's order which Plaintiff on information and belief is also still posted online.

16. After the Judgment was entered, Defendant contacted Plaintiff stating that unless Plaintiff accepted just return of its attorney's fees (at the time about $3,000) she would declare bankruptcy to discharge the entire debt. Defendant refused to retract her statements or remove them but proposed she state the issue had been "resolved". Plaintiff, who has ever, only wanted an admission these statements were false, defamatory and wrong would not agree it was "resolved", Plaintiff has a ton of evidence that Defendant ignored facts, such as that she was included on all the emails with the insurance company, and Defendant did this to ignore the Plaintiff and force them to accept less than the law provides and so Defendant could escape her tortious action.

17. After Plaintiff refused, Defendant filed her petition which appears substantially to avoid the willful and malicious defamation finding against her in King County Superior Court. The Plaintiff listed the King County Superior Court Judgment on Schedule E/F of her Bankruptcy petition ("The Claim") and other non-dischargeable school debts. **Exhibit F.** In fact, Plaintiff only lists one $954 credit card debt. In essence, the petition was filed to avoid the defamation judgment owed to Plaintiff.

**CLAIM - Declaration that Judgment for Intentional and Malicious Tort is non-dischargeable pursuant to 11 U.S. Code § 523 (6)**

18. On January 4, 2022, The King County Superior Court entered a default judgment and confirmed the following:
    a. Defendant was liable for defamation for posting false statements on multiple online review sites;
    b. Plaintiff was injured as a result of Defendant actions to the amount of $100 per day until all reviews are removed; and
    c.
19. Pursuant to 11 U.S. Code § 523 (6) a debt is non-dischargeable when a debt is based on a willful and malicious injury by the debtor to another entity.

20. Defendant committed willful and malicious defamation against Plaintiff through her false online statements.

21. A debtor has a <u>willful</u> motive to inflict injury or when the debtor believes that injury is substantially certain to result from debtor's own conduct. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002). The Debtor is charged with the knowledge of the natural consequences of his/her actions. *Cablevision Sys. Corp. v. Cohen (In re Cohen)*, 121 B.R. 267, 271 (Bankr. E.D.N.Y. 1990); *see Su*, 290 F.3d at 1146 ("In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action."). "A <u>malicious</u> injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (internal citations omitted). Malice may be inferred based on the nature of the wrongful act. *See Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir. 1991).

22. In this case the Defendant knew or reasonably should have known 1) since she received the email correspondence between Plaintiff, the insurance company and herself that her statements that Plaintiff made up different bills and gave different ones to her vs the insurance company was false, 2) Defendant must have known that calling Plaintiff Con artists, predatory and unethical on multiple online forums would injure their business, 3) Defendant must have known that Plaintiff never "accepted" one amount from the insurer and a different amount from Plaintiff when she was included on all the email correspondence and Plaintiff only issued one final bill, 4) Defendant must have known that stating Plaintiff "price gauge[d]" her would injure their business when Defendant was aware the issue was the Insurer would not cover a required repair, and it did not have to do with the actual cost.

23. Defendant's actions were wrongful, done willfully and maliciously multiple times, to cause injury to Plaintiff and done without any reasonable excuse when Defendant was well aware (having received the emails from Plaintiff and insurer) regarding the facts.

24. Defendant then engaged in abuse of the bankruptcy process by claiming she would declare bankruptcy unless Plaintiff would accept minimal restitution and she would not correct her false and defamatory comments or remove the BBB Complaint or later posted Google Review.

## **Relief Requested**

Plaintiff requests the following relief from the Court:

1. A declaration that the January 4, 2022, Order in its entirety is non-dischargeable pursuant to 11 U.S. Code § 523 (6) because the defamation of Defendant were willful and malicious;

2. A declaration that the non-monetary relief in the January 4, 2022, Order (including the removal of the BBB Complaint) and the injunction against posting further defamatory online comments continues to be enforceable pursuant to state law;

3. A declaration that the January 4, 2022, order continues to accrue $100 per day penalties which are not discharged including the post-petition injuries that continue to accrue due to the online defamatory comments remaining online; and

4. Other relief that may be determined as just and equitable by this Court.

DATED THIS 4th DAY OF October 2022.

*/s/ Justin B. Morgan*
Justin B. Morgan
100 N. Howard St. Suite #4878
Spokane, WA 99201
(206) 962-7600
justin@jbm-law.com